## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KRZYSZTOF S. POLAK, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-00198 |
| PETAL CARD, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KRZYSZTOF S. POLAK ("Plaintiff"), by and through the undersigned counsels, complaining as to the conduct of PETAL CARD, INC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC") stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in River Grove, Illinois , which is within the Northern District of Illinois.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a credit card company. Defendant is a corporation organized under the laws of the State of Delaware with its principal place of business located at 483 Broadway, 2nd Floor, New York, New York 10013.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**.

9. Prior to the conduct -giving raise to these claims, Plaintiff obtained a personal line of credit from Defendant to finance the purchase of personal goods and/or services.

10. Due to unforeseeable financial difficulties, Plaintiff fell behind on his scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Around March, 2020, Plaintiff began receiving calls to his cellular phone, (773) XXX-7281, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7281. Plaintiff is and always had been financially responsible for the cellular phone and its services.

13. Defendant has used the following phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (331) 255-3056, (331) 255-3164, and (331) 255-3107.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities

15. During answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

17. Due to his inability to address the subject debt as well as the harassing nature of Defendant's collection campaign, Plaintiff demanded that Defendant cease calling his cellular phone.

18. Rather than adhere to Plaintiff's demand, Defendant continued to place calls to Plaintiff's cellular phone.

19. Plaintiff has reiterated his demands that Defendant stop calling him, but in spite of these efforts, Defendant has persisted with its collection attempts through filing of the instant demand.

20. Defendant has frequently placed upwards of four phone calls per day to Plaintiff's cellular phone, notwithstanding his repeated demands that it stop contacting his cellular phone

21. For example, on or about May 5, 2020 and May 6, 2020, Defendant placed not less than four (4) calls to Plaintiff's cellular phone without his permission.

22. Plaintiff has received not less than 51 phone calls from Defendant since demanding that it stop contacting him.

23. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in exhausting time and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a noticeable pause lasting a handful of seconds in length prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls.

Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

29. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

30.    Defendant violated the TCPA by placing at least 51 phone calls to Plaintiff's cellular phone using a ATDS without his consent.  Any consent Plaintiff *may* have given to Defendant by virtue of incurring the subject debt was explicitly revoked by his demands that it cease contacting him.

31. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KRZYSZTOF S. POLAK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees;

d.   Enjoining Defendant from further contacting Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

5

**COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER
FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT**

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

35. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."   815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to repeatedly contact Plaintiff through means of an ATDS after he requested that it no longer do so.

38. In defiance of the law, Defendant continued its unfair conduct of harassing Plaintiff. Defendant ignored Plaintiff 's numerous requests and unfairly continued to systematically contact him at least 51 times thereafter.  Following its characteristic behavior in placing voluminous phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and ultimately make payment.

39. Defendant has also placed multiple calls to Plaintiff's cellular phone on the same day, even after it was told to stop calling.  Placing multiple calls a day on a frequent basis is extremely

harassing behavior that amounts to an unfair practice, especially after being told by Plaintiff that he does not wish to be contacted.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant a number of times to stop calling, yet, he was still bombarded with constant collection phone calls. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized

WHEREFORE, Plaintiff, KRZYSZTOF S. POLAK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

f. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION</u>

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

45. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

46. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day was highly intrusive and invasive.

47. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's harassing phone call campaign.

48. These persistent collection calls eliminated the peace that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff was subjected to Defendant's collection campaign.

49. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

50. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

51. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

52. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing over 51 uncontested phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, KRZYSZTOF S. POLAK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees & costs;

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV-TRESPASS TO CHATTELS

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

55. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." Mey v. Got Warranty, Inc., 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

56. Courts have applied this tort theory to unwanted telephone calls and text messages. See Czech v. Wall St. on Demand, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and Amos Financial,

L.L.C. v. H&B&T Corp., 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

57. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

58. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

59. Defendant barraged Plaintiff with numerous calls, leaving him unable to use or possess his cellular phone in the manner in which he wanted to.

60. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting him on numerous occasions.

61. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, and the loss of battery life.

62. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with Plaintiff's possession of her cellular phone.

WHEREFORE, Plaintiff, KRZYSZTOF S. POLAK, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff; and

e. Award any other relief this Honorable Court deems equitable and just.

Dated: January 13, 2021                             Respectfully submitted,

s/ Nathan C. Volheim                                s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                    Eric D. Coleman
*Counsel for Plaintiff*                             *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                 2500  South Highland Avenue, Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 575-8181 x105
(630) 575-8188 (fax)                                (630)  575-8188
nvolheim@sulaimanlaw.com                            ecoleman@sulaimanlaw.com

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181 x120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com

11